"Awards of attorney's fees are left to the broad discretion of the trial court and will not be overruled except for an abuse of discretion." *Leslie,* 733 S.W.2d at 9.

■ Given the rights of the parties, the amount of financial interest involved in the case, and lack of standing for Economy to bring this action as evidenced by published case authority, we cannot conclude that the trial court abused its discretion in finding that justice and equity warranted the allowance of $5,000 attorney fees to the Ledbetters to defend this action. Point III is denied.[7]

The judgment of the trial court is affirmed.

PREWITT, P.J., and CROW, J., concur.

John A. Ross, St. Louis County Counselor, Daniel Bartlett, Jr., Assoc. St. Louis County Counselor, St. Louis, for respondent.

Before GRIMM, C.J., REINHARD, P.J., and GARY M. GAERTNER, J.

### ORDER

PER CURIAM.

Claimant appeals from an award of the Labor and Industrial Relations Commission (Commission) denying his claim of temporary total disability but awarding him permanent partial disability. We affirm. The Commission's award is supported by substantial and competent evidence on the whole record. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 84.16(b).

■

Jeffrey ROZELLE, Employee/Appellant,

v.

ST. LOUIS COUNTY POLICE DEPARTMENT, Employer/Respondent.

No. 67788.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 1, 1995.

Robert H. Sihnhold, St. Louis, for appellant.

■

Susan Gale JONES, Appellant,

Juveniles, Plaintiff,

v.

Michael Dennis JONES, Respondent.

No. WD 50565.

Missouri Court of Appeals, Western District.

Aug. 1, 1995.

---

7. *State v. Thompson,* 81 Mo. 163, 168 (1883), and *Ensworth v. Curd,* 68 Mo. 282, 285 (1878), dispel any notion that the trial court here lacked authority to award attorney fees because of the absence of an indispensable party. They hold that where statutory authority for cost assessment exists, a court may assess costs even though it dismisses the main cause for want of authority to decide it. *See also In re Thomasson,* 159 S.W.2d 626, 628 (Mo.1942) (Supreme Court acknowledged *Ensworth* and *Thompson* as yet being the law); *Gore v. St. Anthony's Medical Center,* 866 S.W.2d 871, 872 (Mo.App.1993) (Affirmed order of trial court entered in August 1992 assessing court costs to plaintiff after his voluntary dismissal of cause in February 1992, thus, implicitly recognizing that where there exists statutory authority for assessing costs, assessment can occur without an underlying cause of action).